UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                -against-<br><br>GEORGE PAGAN,<br><br>                              Defendant. | **ORDER**<br><br>19 Cr. 320 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

On March 19, 2020, Defendant George Pagan pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Plea Tr. (Dkt. No. 31) at 5-6, 13-14)  On October 30, 2020, this Court sentenced Pagan to two years' imprisonment and five years' supervised release, and directed that he surrender to the United States Marshal for this District by 2:00 p.m. on November 2, 2020.  Pagan now requests that his surrender date be extended to February 1, 2021.  (Def. Ltr. (Dkt. Nos. 53, 55))  For the reasons stated below, Pagan's application will be denied.  As previously ordered, Pagan will surrender to the United States Marshal for this District by 2:00 p.m. on November 2, 2020

As to bail pending appeal, the Bail Reform Act, 18 U.S.C. § 3143(b), provides as follows:

> Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

>   (i) reversal,
>
>   (ii) an order for a new trial,
>
>   (iii) a sentence that does not include a term of imprisonment, or
>
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b).[1]

Even where a defendant would otherwise be properly remanded under 18 U.S.C. § 3143(b), 18 U.S.C. § 3145(c) may provide a mechanism for relief, where "exceptional

---

[1] The parties have also addressed Pagan's right to bail under Section 3143(a), which applies where a Defendant "has been found guilty of an offense" and "is awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a); see also (Def. Ltr. (Dkt. No. 53) at 1; Govt. Ltr. (Dkt. No. 54) at 1-2, 2 n.1)  Section 3143(a) is generally applicable "[w]here . . . Defendant's request for release was made after his conviction but prior to sentencing." United States v. Scali, No. 7:16-CR-466-(NSR), 2018 WL 3410015, at *1 (S.D.N.Y. July 12, 2018) (citing United States v. Chen, 257 F. Supp. 2d 656, 658 (S.D.N.Y. 2003); United States v. Bloomer, 967 F.2d 761, 763 (2d Cir. 1992)), aff'd, 738 F. App'x 32 (2d Cir. 2018).  Here, however, Pagan "has been found guilty . . . and sentenced to a term of imprisonment." 18 U.S.C. § 3143(b).

Analysis under Section 3143(b) is necessary, in part, to acknowledge that the circumstances post-sentencing are often substantially different than the circumstances pre-sentencing.  Pre-sentence, there is a possibility that a defendant might receive a non-incarceratory sentence, and a bail determination must contemplate that possibility.  Once a term of incarceration is imposed, there is no longer a possibility of a non-incarceratory sentence, and the law thus requires the defendant to satisfy the more rigorous standard set forth in Section 3143(b), as opposed to the standard that applies pre-sentence under Section 3143(a).

As discussed below, the Court recognizes that Section 3145(c) may provide a basis for continued release even where Section 3143(a) or Section 3143(b) counsel remand.

circumstances" exist:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).[2]

Here, Pagan's application to remain on release pending appeal fails for multiple reasons. As an initial matter, Pagan must demonstrate under Section 3143(b)(1)(B) that his planned appeal "raises a substantial question of law or fact likely to result in [] reversal, [] an order for a new trial, [] a sentence that does not include a term of imprisonment, or [] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

Pagan suggests that he "may have a meritorious appeal" because the Government asserted at sentencing that Pagan had accessed child pornography prior to using Chatstep and had accessed child pornography from his first day of using that application. (Def. Ltr. (Dkt. No. 53) at 3 n.1) The Court very clearly stated its reasons for its sentencing determination, however, and neither argument cited by Defendant was referenced by the Court.

Moreover, in sentencing Pagan to two years' imprisonment, the Court granted a substantial variance from the applicable Guidelines range of 97 to 121 months' imprisonment. In his plea agreement, Pagan agreed that he "will not file a direct appeal; nor bring a collateral challenge . . . of any sentence within or below the Stipulated Guidelines Range of 97 to 121

---

[2] Defendant does not dispute that "[p]ossession . . . of child pornography [is], by definition, [a] crime[] of violence." United States v. Bonczek, No. 08 CR. 361 (PAC), 2009 WL 2924220, at *1 (S.D.N.Y. Sept. 8, 2009) (citing 18 U.S.C. § 3156(a)(4)(c)). Because Pagan has been found guilty of a "crime of violence," he is subject to detention under Section 3143(b)(2). See 18 U.S.C. §§ 3142(f)(1)(A); 3143(b)(2).

months' imprisonment."  (Plea Agreement (Dkt. No. 33-3) at 5)  Given this waiver and the Court's two-year sentence, Pagan cannot challenge his sentence either on direct appeal or in a collateral proceeding.  Accordingly, Pagan has not demonstrated that his planned appeal will raise a "substantial question of law or fact likely to result in . . . reversal. . . ."  18 U.S.C. § 3143(b)(1)(B).

In order to justify his continued release under Section 3145(c), Pagan must also demonstrate "exceptional circumstances."  "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'"  United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004).  Here, Pagan cites the ongoing impact of the COVID-19 pandemic along with his desire to (1) continue his sex offender treatment; (2) make arrangements for his mother's care; (3) provide notice to his employer; and (4) avoid serving time in a maximum-security pre-trial detention center awaiting designation and transfer.  (Def. Ltr. (Dkt. No. 53) at 2)  The Government responds that none of these reasons is sufficiently "exceptional."  (Govt. Ltr. (Dkt. No. 54) at 3-4)  The Court agrees with the Government.

As to the COVID-19 pandemic, Pagan does not point to any pre-existing health condition or risk factor that puts him at a heightened risk for contracting the virus or would lead to a poorer prognosis if he were to become infected.  The remaining reasons Pagan cites, including his desire to continue his sex offender treatment, make arrangements for his mother's care, give notice to his employer, and avoid time in a pretrial detention facility are neither unique to him nor "exceptional."  As to Pagan's concerns about his mother and his employer, Pagan was arrested on April 2, 2019, and granted pretrial release on April 4, 2019.  (PSR (Dkt. No. 45) at 1)  He has had nineteen months to put his affairs in order.

For all of these reasons, Pagan's application to remain on release pending appeal is denied. Pagan will surrender to the United States Marshal for this District by 2:00 p.m. on November 2, 2020.

Dated:  New York, New York
        November 1, 2020

SO ORDERED.

*[signature: Paul S. Gardephe]*

Paul G. Gardephe
United States District Judge